**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

PHILLIP L. C.,[1]

Plaintiff,

v.

FRANK BISGNANO, Commissioner of Social Security,

Defendant.

No. 2:25-cv-07886 DSR

**MEMORANDUM DECISION AND ORDER**

Plaintiff Phillip L. C. seeks review of the final decision of the Commissioner of the Social Security Administration ("Commissioner" or "Agency") denying his application for Title II Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). See Doc. Nos. 14-16. For the reasons stated below, the Commissioner's decision is **AFFIRMED**.

## 1. PROCEDURAL HISTORY

On November 20, 2020, Plaintiff filed an application for DIB and SSI, alleging a disability onset date of July 20, 2020. See Administrative Record, Doc. No. 11-1

[1] Plaintiff's name is partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

("AR") at 206-24, 264. Plaintiff's claim was denied initially and upon reconsideration. Id. at 120-34.

On April 23, 2024, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Id. at 135-36. On September 13, 2024, Plaintiff, represented by counsel, testified telephonically at a hearing before ALJ MaryKay Rauenzahn. Id. at 33-59. A vocational expert ("VE") also testified telephonically. Id. at 53-59. The ALJ issued a decision on October 26, 2024, denying the application. Id. at 14-26. Plaintiff then filed a request with the Agency's Appeals Council to review the ALJ's decision. Id. at 7-11. On June 23, 2025, the council denied Plaintiff's request for review. Id. at 1.

On August 21, 2025, Plaintiff filed the instant civil case under 42 U.S.C. § 405(g)seeking review of the Commissioner's final decision. See Compl. (Doc. No. 1). Defendant filed his Answer and the AR on October 27, 2025. Doc. No. 11. Plaintiff filed his Opening Brief on November 26, 2025, and Defendant filed his Brief on December 12, 2025. Doc. Nos. 17, 19. Plaintiff filed his Reply Brief on December 29, 2025. Doc. No. 20. Pursuant to Judge Rocconi's[2] November 7, 2025, Order Re: Procedures in Social Security Appeal (Doc. No. 12), the matter was then deemed submitted for decision without oral argument.

**2. PLAINTIFF'S BACKGROUND**

Plaintiff was born on March 24, 1963. See AR at 206. He was 58 years old on the amended alleged disability onset date and 61 years old at the time of the hearing before the ALJ.[3] Id. at 206, 33-59, 264. Plaintiff completed four or more years of college at Auburn University. Id. at 271. He has work history as a collector

---

[2] Subsequent to the issuance of that Order, the case was transferred to the undersigned Magistrate Judge. See Doc. No. 13.

[3] The ALJ found Plaintiff to be an individual of advanced age on the alleged disability onset date and an individual closely approaching retirement age on the date of the hearing. AR at 53-54; see also 20 C.F.R. § 404.1563(e).

and as a director of service at a condominium center. Id. He alleges disability based on traumatic arthritis in his ankle. Id. at 64.

**3. STANDARD FOR EVALUATING DISABILITY**

To qualify for benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents him from engaging in substantial gainful activity, and that is expected to result in death or to last for a continuous period of at least 12 months. See 42 U.S.C. § 423 (d)(1)(a); Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. See 42 U.S.C. § 423(d)(2)(A); Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

To decide whether a claimant is disabled, and therefore entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are as follows:

1. Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
2. Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.
3. Does the claimant's impairment meet or equal one of the specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four.[4]

---

[4] Between steps three and four, the ALJ must, as an intermediate step, assess the claimant's [residual functional capacity]," or ability to work after accounting for her verifiable impairments. Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222–23 (9th Cir. 2009) (citing 20 C.F.R. § 416.920(e)). In determining a claimant's residual functional capacity, an ALJ must consider all relevant evidence in the record. 20 C.F.R. § 416.920(e); Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006).

4. Is the claimant capable of performing work he has done in the past? If so, the claimant is found not disabled. If not, proceed to step five.
5. Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled.

See Tackett, 180 F.3d at 1098-99; see also 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1); Bustamante v. Massanari, 262 F.3d 949, 953–54 (9th Cir. 2001).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54. Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry. Id. at 954. If, at step four, the claimant meets his burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1); Tackett, 180 F.3d at 1098-99, 1100; Reddick, 157 F.3d at 721.

## 4. THE ALJ'S DECISION IN THIS CASE

### A. Step One

At step one, the ALJ found that Plaintiff had not "engaged in substantial gainful activity since February 28, 2022, the amended alleged onset date." AR at 19. Accordingly, the ALJ proceeded to step two.

### B. Step Two

At step two, the ALJ found that Plaintiff had "the following severe impairments: right ankle osteoarthritis, right ankle stress fracture, obesity, bilateral knee osteoarthritis, cervical degenerative disc disease, obesity [sic] and left elbow degenerative joint disease . . . ." Id. at 19-20. She therefore proceeded to step three.

**C. Step Three**

At step three, the ALJ found Plaintiff did not "have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." Id. at 21.

**D. RFC Determination**

The ALJ then conducted the intermediate step of determining Plaintiff's RFC. She found Plaintiff had the RFC to perform sedentary work with the following:

> [He] can lift, carry, push and pull 10 pounds occasionally and less than 10 pounds frequently. [Plaintiff] can stand and/or walk for approximately two hours and sit for approximately six hours, in an eight-hour workday. [Plaintiff] cannot climb ladders, ropes and scaffold and can occasionally climb stairs and ramps. [Plaintiff] can occasionally stoop and crouch but cannot kneel and crawl. [Plaintiff] can occasionally operate foot controls bilaterally and cannot ambulate over uneven surfaces. [Plaintiff] can frequently reach in all directions with the left upper extremity. [Plaintiff] cannot perform work in near proximity to moving mechanical parts, nor work in high, unprotected places . . . [Plaintiff] must be permitted to use a cane for ambulating all distances.

Id. at 21.

**E. Step Four**

Proceeding to step four, the ALJ found Plaintiff was capable of performing his past relevant work as a Recreation Facility Manager. Id. at 24-25. Accordingly, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social

Security Act ("SSA"), from the amended alleged onset date of February 28, 2022, through the date of the ALJ's decision. Id. at 25-26.

**5. PLAINTIFF'S CLAIMS**

Plaintiff raises a single claim in this appeal, contending that the ALJ's finding that Plaintiff could return to his past relevant work is not supported by substantial evidence, and therefore should be reversed. See Pl's Opening Br. at 5-7.

**6. STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), a District Court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free of legal error and supported by substantial evidence based on the record as a whole. See Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).

"Substantial evidence" is evidence that a reasonable person might accept as adequate to support a conclusion. See Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). It is more than a scintilla but less than a preponderance. Id. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick, 157 F.3d at 720; see also Hill v. Astrue, 698 F.3d 1153, 1159 (9th Cir. 2012) ("[A] reviewing court . . . may not affirm simply by isolating a 'specific quantum of supporting evidence'" (quoting Robbins, 466 F.3d at 882)). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720–21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record"), superseded on other grounds, 20 C.F.R. § 404.1502(a).

The reviewing court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). Errors in Social Security disability determinations are subject to harmless error analysis. Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1099 (9th Cir. 2014); Ludwig v. Astrue, 681 F.3d 1047, 1054 (9th Cir. 2012). "An error is harmless if it is 'inconsequential to the ultimate nondisability determination' . . . or 'if the agency's path may be reasonably discerned,' even if the agency 'explains its decision with less than ideal clarity[.]'" Treichler, 775 F.3d at 1099 (citation omitted).

## 7. DISCUSSION

As noted above, Plaintiff's sole contention on this appeal is that the ALJ's determination at step four – that given Plaintiff's RFC (which Plaintiff does not dispute) he could perform his past relevant work – is not supported by substantial evidence.

### A. Relevant Facts and ALJ Decision

#### i. Background

At the hearing, Plaintiff testified he was the director of a fitness club (prior to being laid off due to COVID).[5] AR at 40-42. His job was to make sure there were class instructors, order equipment for the spa, and ensure the fitness center was running in an orderly manner. Id. at 42-43. Plaintiff indicated that he spent around an hour and a half of his eight-hour workday on his feet. Id. At the hearing the ALJ asked why Plaintiff was unable to sit at a desk now. Id. at 42-45. Plaintiff indicated he was uncomfortable after sitting for a while and he spent all day sitting with his feet up. Id. at 44-45.[6]

---

[5] Plaintiff indicated that his doctor put him on work restrictions in August of 2022. AR at 42.

[6] As noted below, the ALJ ultimately rejected Plaintiff's testimony that he "must elevate his legs throughout the day." AR at 23. Plaintiff does not challenge that finding here.

February 9, 2023, Plaintiff submitted a Work History Report indicating the duties of his position as director of the condominium fitness club. Id. at 281-286. Plaintiff indicated he ensured members were provided the best service, oversaw equipment maintenance, reviewed member experiences, and assisted with the budget. Id. at 284. He indicated he walked for an hour a day and stood for half an hour. Id. He also wrote in that report that he sat for four hours each day. Id. He indicated he did not lift or carry in the position, and spent his time supervising people. Id.

Plaintiff's medical records show that he has been seen by medical professionals who have put him on modified work/activity restrictions. AR at 382-83. On August 29, 2022, Plaintiff's doctor indicated he was able to stand occasionally (about 25% of his shift) and walk occasionally (about 25% of his shift). Id. at 383.

**ii. ALJ's Decision**

The ALJ found that Plaintiff's severe impairments include right ankle osteoarthritis, right ankle stress fracture, obesity, bilateral knee osteoarthritis, cervical degenerative disc disease, and left elbow degenerative joint disease. AR at 19-20. The ALJ considered the Plaintiff's subjective complaints and the testimony he needs to sit with his legs elevated. Id. at 22. The ALJ found that the record does not support Plaintiff's allegation he needs to elevate his legs, however. Id. at 23.

In the written decision, the ALJ addressed the examiner and consultants' opinions regarding Plaintiff's alleged limitations. Id. at 23-24. The initial agency consultant asserted Plaintiff could stand and or walk for two hours in an eight-hour workday, and sit for six hours in an eight-hour workday. Id. at 23. The ALJ found that the medical evidence as a whole is supportive of a sedentary range of work. Id. at 23-24. In August 2022, Dr. Ogawa opined Plaintiff could only occasionally stand and walk. Id. at 24. The ALJ found the opinion to be generally persuasive

and consistent with the record. Id. Then in February 2024, Dr. Yu examined Plaintiff. Id. Dr. Yu's assessment indicated Plaintiff could stand/walk for two hours in an eight-hour workday and sit for six hours in an eight-hour workday. Id. The ALJ indicated Dr. Yu's opinion was partially supported by the medical evidence and record. Id.

The ALJ, therefore, found Plaintiff able "to stand and/or walk for approximately two hours and sit for approximately six hours, in an eight-hour workday." Id. at 21. Then, comparing the RFC and the Plaintiff's past relevant work, the ALJ concluded Plaintiff was able to perform his past relevant work as it was actually performed. Id. at 25.

**B. Applicable Law**

Step four of the analysis is to determine if the claimant/plaintiff can show they cannot perform their past relevant work. Pinto v. Massanari, 249 F.3d 840, 845 (9th Cir. 2001); Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005). The plaintiff has the burden "of showing that they can no longer perform their past relevant work." Id. "Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." Pinto, 249 F.3d at 845. "To determine whether a claimant has the [RFC] to perform [his] past relevant work, the [ALJ] must ascertain the demands of the claimant's former work and then compare the demands with [his] present capacity." Villa v. Heckler, 797 F.2d 794, 797–98 (9th Cir. 1986); Marcia v. Sullivan, 900 F.2d 172, 177 n. 6 (9th Cir. 1990). "This requires specific findings as to the claimant's [RFC], the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work." Pinto, 249 F.3d at 845.

**C. Analysis**

Plaintiff contends that the limitation of sitting for six hours of the workday is inconsistent with his last job, and therefore the ALJ erred in her step four

determination. See Pl.'s Opening Br. at 6-8. His argument ultimately is that the ALJ found he could only sit six hours a day and his past relevant work requires him to sit for six and a half hours a day. Id. Therefore, Plaintiff argues, the ALJ's determination he can sit for "approximately" six hours is not consistent with his past relevant work. Id. Defendant argues that Plaintiff's argument misinterprets regulatory language and the ALJ's finding is supported by substantial evidence within the record. See Def.'s Br. at 3-5.

The ALJ found when determining Plaintiff's RFC that Plaintiff claimant could stand and/or walk for "approximately two hours" and sit for "approximately six hours" in an eight-hour workday. AR at 21. Plaintiff does not challenge that finding here. The only question remaining, then, is whether the ALJ's determination that, in light of that RFC, Plaintiff is able to perform the past relevant work is supported by substantial evidence.

At the hearing, Plaintiff described his past work when questioned by the ALJ. AR at 42-45. The VE was present for this testimony. Id. at 33-59. The VE found that the DOT's description of Plaintiff's past work was "considered a recreation facility manager, DOT code 187.167-230. Classified as light, skilled, SVP 6, performed at a sedentary exertional level." Id. at 53-54. The ALJ submitted several hypotheticals to the VE. Id. at 53-58. One of the hypotheticals proposed mirrored Plaintiff's undisputed RFC. Id. at 21 and 54-55. The VE testified that with the proposed limitations the individual would be able to perform the work as it was actually performed. Id. at 54. Plaintiff's counsel was invited to ask the VE questions, but counsel declined to do so. Id. at 56. The VE's unchallenged testimony provides substantial evidence in support of the ALJ's conclusion.

Neither Plaintiff nor Plaintiff's counsel asserted that the past job's sitting/standing fell outside of the general understanding of sedentary work. The SSA defines sedentary work as work "that involves sitting." Social Security Ruling (SSR) 96–9 p.5. "Sitting would generally total about 6 hours of an 8-hour work

day." Id. Plaintiff presented no evidence that his former type of work requirements fell outside of this definition. At most, Plaintiff produced evidence that he stood and/or walked 1.5 hours in an 8-hour workday, when he "got up sometimes, you know, to walk up – walk around and came back, making sure everything was okay" at the six swimming pools and tennis courts at his facility, and "making sure the fitness center was running in an orderly manner." Id. at 43. He also "walked around making sure [his] clients, you know – when – you know, when [he] had time, making sure they came in, if they had any problems with their monthly fees money taken out [he] had to go through that" and to "troubleshoot a lot of different things." Id. The 6.5 hours Plaintiff argues in his Brief that he spent sitting is only a deduction based on this estimated 1.5 hour standing/walking time Plaintiff testified to out of an 8-hour workday. Plaintiff points to no actual evidence that his job as performed actually required that he sit for more than six hours, and that he could not get up and move around as may be needed. Moreover, there is evidence in the record that Plaintiff spent four hours each day sitting. Id. at 284 (Plaintiff's February 9, 2023, Work History Report).

Plaintiff failed to carry his burden of showing at step four that he was unable to perform his past relevant work. See Villa v. Heckler, 797 F.2d 794 at 798 (9th Cir. 1986); see also Tylitzki v. Shalala, 999 F.2d 1411, 1415 (9th Cir. 1993) (per curiam) (noting that ultimate burden remains on claimant to show inability to perform previous occupation). Accordingly, the ALJ did not err in finding Plaintiff was able to perform his past relevant work and the finding was supported by substantial evidence.

///

///

///

///

///

**8. CONCLUSION**

For the foregoing reasons, IT IS ORDERED that judgment be entered AFFIRMING the decision of the Commissioner. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: July 30, 2026

HON. DANIEL S. ROBERTS
UNITED STATES MAGISTRATE JUDGE